## BARRON *v.* JACKSON.

An interference by one party to defeat the service of a subpœna on behalf of the other, by inducing the witnesses to avoid, and the giving to a witness a reward for testifying in a particular way, will ordinarily be good cause for granting a new trial.

PETITION for a new trial, brought by Asa T. Barron against Jackson & Norris, the facts connected with which appear in the opinion of the court.

*Cross & Topliff*, for the petitioner.

*Morrison & Stanley*, and *W. C. & S. G. Clarke*, for the respondents.

BELLOWS, J.   This is a petition for a new trial of the action, Jackson & Norris against Asa T. Barron, upon the ground that the plaintiff in interest in that suit, fraudulently induced a witness, Mrs. Rogers, to keep out of the way, and avoid the service of a subpœna obtained by said Barron, to compel her attendance as a witness in that cause; and also that he promised and gave her a pecuniary reward for sustaining, by her testimony upon the stand, the statements in a deposition given by her.

It appeared that after giving her deposition, at the request of the plaintiffs, to facts of vital importance to them, her attendance was procured by the defendant at the trial, and she then testified in direct opposition to the material statements in the deposition.   At a subsequent trial of the cause the defendant made efforts for several weeks to obtain service of a subpœna upon her, but was unable to succeed until after her deposition had been read by the plaintiffs, when her attendance was obtained, but upon placing her upon the stand she confirmed her deposition.

Upon an attentive examination of the large amount of evidence adduced, we have reached the conclusion that the witness was improperly kept out of the way by the plaintiff, to avoid the petitioner's summons, and that she was promised and received a reward for sustaining, by her testimony upon the stand, the statements in her deposition. There is nothing, however, in the evidence that clearly proves that she was induced in this way to testify falsely, or that the plaintiff intended she should do so; although it cannot be disguised that there are strong grounds for suspicion as to the truth of her testimony. However that may be, any interference of one party to defeat the service of a subpœna by the other, and especially in the case of a witness situated like Mrs. Rogers, is wholly inconsistent with the due administration of justice, and cannot for a moment be tolerated.

The promise of reward to induce a reluctant witness to testify in a particular way, is a much graver offence, and affords just grounds for such suspicion as would ordinarily incline the court to set aside a verdict, if in favor of the party who is guilty of such misconduct. In these cases the court has no means of ascertaining the extent of the wrong done by such misconduct, nor is there occasion for any critical examination upon that point. The offence is of a character so odious, and so utterly at war with the due course of justice, that, when once established, its injurious effect would ordinarily be taken for granted, unless very clearly disproved.

These views are very fully sustained by the case of *Crafts* v. *Union Ins. Co.*, 36 N. H. 44. A new trial must, therefore, be granted, by way of review.